## John R. McShane, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 16,530.

1. NEGLIGENCE—*operation of traction car.* Held, under the evidence, that it was for the jury to determine whether or not with the platform crowded and the passengers placed as they were the car was negligently operated in that it ran at such an unusually high rate of speed as to cause it to lurch and sway from side to side in an unusual manner, and that, under the evidence, the verdict of the jury finding negligence should not be disturbed.

2. CONTRIBUTORY NEGLIGENCE—*riding upon platform of crowded car.* Held, that it was a question of fact for the jury to determine whether the conduct of the plaintiff, who was riding upon a platform of a crowded traction car, in loosening his right hand from the hand rail and buttoning up his coat while the car was moving, was such a want of due care on his part for his own safety as amounted to negligence which contributed to the accident and that under the evidence the verdict of the jury in the negative, should not be disturbed.

Action in case. Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed May 9, 1912. Rehearing denied May 23, 1912.

JOHN E. KEHOE and WATSON J. FERRY, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Thomas Cantlon, hereinafter called plaintiff, brought suit against the Chicago City Railway Company, hereinafter called defendant, to recover damages for personal injuries sustained on March 8, 1906, by being thrown from one of the defendant's cars on which he was a passenger, as it was traveling south in Clark street, Chicago. The evidence tended to show that he was seriously injured, losing a leg and receiving a fractured skull, together with other injuries. The jury found in his favor and awarded him damages in the amount of $6,000, for which judgment was entered.

The only claim made in this court upon which reversal is asked is that the verdict was against the manifest weight of the evidence. The original declaration alleges among other things that the defendant negligently permitted its car and the forward platform thereof to become over-crowded with passengers, thus compelling plaintiff to stand upon the forward platform, and that the defendant so negligently, carelessly and improperly "ran, managed and operated said car that said car then and there violently lurched and swayed forward and backward and from side to side, and as a direct result and in consequence of the defendant so permitting the said car and the front platform of the same to become, be and remain overcrowded with passengers, as aforesaid, and of the said negligent and improper manner in which it so operated said car certain of the other passengers then upon said front platform of said car were thereby then and there thrown with such great force and violence against the plaintiff that he, the plaintiff, al-

though he alleges he was exercising ordinary care for his own safety, was thereby then and there thrown from said car against said wall, and he thereby then and there fell down between said car and said wall and under said car." An additional count was afterwards filed, alleging in substance that because of the conditions above described plaintiff was brought in contact with a wall which ran alongside the track and was knocked or thrown from the car to the ground.

The plaintiff was a passenger on a Halsted street car which ran southward from Washington street in Clark street. At Twelfth street there is a viaduct, and Clark street approaches it from north and south on an incline. Thirteenth street is not open across Clark street. On the west side of Clark street, and beginning from a point close to where Thirteenth street would be, and extending south about three blocks, is a brick wall, which is four feet three inches from the middle of the west rail of defendant's west track. The gauge of the tracks is four feet eight and a half inches. The outer edge of the car involved in the accident extends beyond the rail twenty-one inches, and there are handle bars at each end.

The accident occurred in the neighborhood of six o'clock P. M., at what was commonly known as the rush hour. Plaintiff was a laborer, thirty-seven years of age at the time of the accident, about five feet eight inches in height, weighing 210 pounds. Upon the evening in question he went to the southwest corner of Polk and Clark streets, which is some distance north of the place of the accident, with the intention of boarding a car upon which to go to his home. Two crowded southbound cars passed him without stopping. A couple of minutes after the last of those had gone another came, and as it approached he signaled its motorman to stop, and it came to a standstill on the southwest corner with its front end close to where he was standing. The platform was crowded and two

men were standing on the step. Plaintiff took hold of the front hand rail close to the vestibule and stepped with his left foot upon the step, close to its forward end. He says: "I could not get no room for my right foot and I put my right foot close to the end girder that goes around the front of the car, still holding to the hand rail with both my hands." Apparently when between Fourteenth and Fifteenth streets he loosened his right hand from the hand rail for the purpose of buttoning his overcoat, and while in this position, still holding to the hand rail with his left hand, he says, "the car gave some kind of a sudden lurch and the people came against me and threw me off."

The real issue in the case, as we view it, is whether or not, with the platform crowded and the passengers placed as they were, the car was negligently operated in that it ran at such an unusually high rate of speed as to cause it to lurch and sway from side to side in an unusual manner.

We have read with great care the abstract of record and briefs and arguments of counsel. The points brought out by testimony touching the alleged negligence of defendant were, (1) the crowded condition of the car; (2) the rate of speed; (3) the lurching or swaying of the car.

Without undertaking to give the names of witnesses or their testimony, it is sufficient to say that in our opinion it was proven by the greater weight of the evidence that the car and front platform were crowded. While there is diversity of testimony concerning the speed of the car, yet several witnesses testified that it was going at full speed. One witness said it ran "extremely fast; twenty miles or more;" another that it was going "as fast as the car could go;" and such a considerable body of testimony as to warrant the jury in concluding that the car was going at an excessive and unusual rate of speed under the circumstances. The same witnesses testifying as to speed testified as

to the swaying or lurching of the car, one witness stating that "it was going so fast that it was swaying. The people on the platform were getting bumped into one another by the car." Another witness says it was "going at such a high rate of speed the car seemed to be lurching and swaying from side to side." Other similar statements might be quoted, from all of which we conclude that the jury was justified in finding that plaintiff had proved by the greater weight of the evidence the allegations of his declaration touching the negligent conduct of the defendant.

It is said, however, that the conduct of the plaintiff in loosening his right hand from the hand rail and buttoning his coat while the car was moving was such a want of due care on his part for his own safety as amounted to negligence which contributed to the accident. Whether or not this was true was properly a question for the jury. While it is true that the plaintiff in standing where he did voluntarily accepted the situation, and that it was his duty to observe for his own safety the degree of care a person of ordinary prudence would observe while riding in such a place under such conditions, yet this court is unable to say from a consideration of the situation and all the surrounding circumstances that the mere act alone of removing one hand temporarily from the hand rail constituted a lack of due care for his own safety. The evidence tends to show that the greater part of the plaintiff's body was inside and behind the front of the vestibule, and we can readily conceive that with his center of gravity well into the car, even though not holding on with both hands, he would not have been thrown off the car if it were running in its usual and customary manner.

There is considerable force in the suggestion that when plaintiff's overcoat flew open he might, in prudence, have feared it would strike or catch against the wall and thereby pull him from the car, so that he did

the natural and proper thing in attempting to button the coat in order to prevent this possibility. However this may be, it was for the jury to determine, and we cannot say that their conclusion that plaintiff was not negligent is contrary to the weight of the evidence.

Therefore the judgment will be affirmed.

*Affirmed.*